UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lona Feaker, | Case No. 2:25-cv-00126-APG-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Trans Union, LLC, et al., | |
| Defendants. | |

Before the court is Plaintiff's Motion to Extend Time to Serve Defendants. ECF No. 10. Because Plaintiff has shown that her failure to serve Defendants by the deadline was due to excusable neglect, the Court exercises its discretion to extend the service deadline by 60 days. *See* Fed. R. Civ. P. 4(m). Accordingly, the Court grants Plaintiff's motion.

## I. BACKGROUND

In late January 2025, Plaintiff filed a complaint under the Fair Credit Reporting Act against several consumer credit reporting agencies. ECF No. 1. Proof of service was due by April 21, 2025. *Id.* Two days after this deadline, Plaintiff moved to extend the time to serve Defendants. ECF No. 10. In this motion, Plaintiff's counsel explained that the legal assistant responsible for calendaring and arranging service was unexpectedly hospitalized with serious medical issues during the service period in this case. *Id.* at 3. Plaintiff's counsel argues that there is good cause and excusable neglect to grant this motion because they acted diligently by assigning the work to another staff member. *Id.* Though this staff member was being concurrently trained, she was also under the supervision of the office manager. *Id.*

## II. DISCUSSION

### A. Legal Standard

Rule 4 provides that the plaintiff must serve the defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the

first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

First, courts must determine on a case-by-case basis whether the serving party has shown good cause. *Id.* Generally, good cause is equated with diligence, and it requires more than the mere inadvertence of counsel. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). To determine whether good cause exists, courts may analyze whether: (1) the party to be served personally received actual notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *In re Sheehan*, 253 F.3d at 512.

Second, courts have broad discretion to extend the time for service upon a showing of excusable neglect. *In re Sheehan*, 253 F.3d at 513. While the Ninth Circuit has not articulated a specific test under this second step, other courts have allowed the following factors to guide their discretion: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Trueman v. Johnson*, No. CIV 09-2179-PHX-RCB, 2011 WL 6721327, at *5–6 (D. Ariz. Dec. 21, 2011); *see also Lemoge v. United States*, 587 F.3d 1188 (9th Cir. 2009) (applying this four-factor framework for analysis of excusable neglect under Rule 60(b)(1)).

**B. Analysis**

Here, at step one, the Court first considers Plaintiff's diligence. Plaintiff's counsel explains that despite the unexpected staffing shortage, the firm was diligent by taking proactive measures to assign the calendaring and service duties to another staff member, who was being supervised by the office manager. ECF No. 10 at 3. Plaintiff's actions to overcome the staffing issues show some diligence. However, this Court also considers the *Sheehan* factors.

The first *Sheehan* factor weighs against good cause because the record does not show that Defendants received actual notice of the lawsuit. Still, this lawsuit is in its infancy and has not advanced beyond the pleading stage. Thus, the Court finds that the second factor weighs in favor of good cause because Defendants will not be prejudiced by the extension. Plaintiff does not

address the prejudice she may suffer if the Court declined to enlarge the time for service, so the Court will construe this factor against her. In sum, Plaintiff acted somewhat diligently and one of the *Sheehan* factors supports good cause. However, because two of the factors weigh against good cause, this Court turns to step two.

At step two, the Court considers whether Plaintiff's failure to timely serve Defendants was due to excusable neglect. First, as discussed above, there is negligible prejudice to Defendants, so this factor weighs in favor of an extension. Second, there will be little delay because Plaintiff requests an extension of 60 days, which is unlikely to have a substantial impact on these proceedings given that Plaintiff filed her complaint three months ago and the case remains in its infancy. So, this factor weighs in favor of an extension. *See* ECF No. 1. Third, Plaintiff explained that the delay was due to a key staff member being unexpectedly hospitalized. ECF No. 10 at 3. The third factor weighs in favor of an extension. Fourth, it appears that Plaintiff acted in good faith. Plaintiff's counsel took steps to manage their staff members unexpected absence, and Plaintiff moved to extend the time for service only two days after the deadline. ECF Nos. 1 and 10. This fourth factor weighs in favor of an extension. Based on these factors, the Court will exercise its broad discretion and extend the time for service for an additional 60 days because Plaintiff has established excusable neglect.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Extend Time to Serve Defendants (ECF No. 10) is **GRANTED**. Plaintiff will have until June 30, 2025, to serve Defendants.

DATED: April 29, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE